# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Hezekiah E. Baker,<br><br>   Plaintiff,<br><br>v.<br><br>United States District Court, District of Nevada; et al,<br><br>   Defendants. | Case No. 2:25-cv-01037-CDS-DJA<br><br>**Order**<br>**and**<br>**Report and Recommendation** |

  Pro se Plaintiff Hezekiah E. Baker has submitted an application to proceed *in forma pauperis* (which means, to proceed without paying the filing fee) (ECF No. 1) and a complaint (ECF No. 1-1). Plaintiff also moves to amend his complaint. (ECF No. 3). Because the Court finds that Plaintiff's application is complete, it grants it. The Court denies Plaintiff's motion to amend his complaint as moot because Plaintiff is entitled to file one amended complaint without leave of Court. The Court screens Plaintiff's amended complaint because amended complaints supersede originals. Because Plaintiff's amended complaint attempts to sue immune Defendants, the Court recommends dismissing it with prejudice and without leave to amend.

**I.** ***In forma pauperis* application.**

  Plaintiff filed the forms required to proceed *in forma pauperis*. (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the application to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). Because Plaintiff has filed a motion to amend his complaint, the Court will now consider which of Plaintiff's complaints to screen.

**II.** **Plaintiff's motion to amend his complaint.**

  Plaintiff moves to amend his complaint and attaches a proposed amended complaint. (ECF No. 3). However, Federal Rule of Civil Procedure 15(a)(1) allows a party to amend their

complaint once as a matter of course. Because this is Plaintiff's first amendment and because he has not yet served his complaint and there has been no responsive pleading, the Court denies Plaintiff's motion to amend as moot. *See* Fed. R. Civ. P. 15(a)(1). The Court will screen Plaintiff's proposed amended complaints because, generally, amended complaints supersede the original. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

**III.     Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings

drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**IV.   Screening Plaintiff's complaint.**

Plaintiff sues the United States District Court for the District of Nevada, Clerk of Court Debra Kempi, and the Honorable Magistrate Judge Elayna J. Youchah. However, Plaintiff sues these Defendants for entirely judicial acts taken in filings in *Baker v. Transdev Ile De France, et al.*, Case No. 2:24-cv-02411-GMN-EJY (the "*Transdev* case").[1] Plaintiff apparently believed that the *Transdev* case was a "private proceeding" even though he did not file his application to

---

[1] The Court may take judicial notice of matters of public record, including information in court proceedings. *See Reyn's Pasta Bella LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). While the Court takes judicial notice of the existence of these docket entries, it does not take judicial notice of the truth of the facts recited therein. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (abrogation on other grounds recognized by *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002)).

proceed *in forma pauperis* or any other document in that case under seal. So, he alleges that Defendants acted wrongfully because they "publicize[d]" his financial statement and revealed information to counsel for a defendant in the *Transdev* case.

Judicial immunity bars Plaintiff's claims against Judge Youchah and Clerk of Court Kempi because Plaintiff alleges that these Defendants took actions in their official capacities, which acts were related to the judicial process. Judges are entitled to absolute judicial immunity for acts performed in their official capacity, as Plaintiff has alleged here. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (judicial immunity is "a 'sweeping form of immunity' for acts performed by judges that relate to the 'judicial process'…[t]his absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, ... or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.'") (citations omitted); *see also Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). Court clerks also have absolute quasi-judicial immunity for tasks they perform that are an integral part of the judicial process. *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040, 1390, 1394 (1988). A mistake or an act in excess of jurisdiction does not abrogate judicial immunity, even if it results in "grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

Plaintiff's claims against the United States District Court for the District of Nevada also fail. As a preliminary matter, it is not clear if Plaintiff actually names the United States District Court for the District of Nevada as a separate defendant. To the extent that he does, Plaintiff does not identify the basis for his claims against the District Court. Even if he did, sovereign immunity would likely shield the United States District Court for the District of Nevada from suit. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("[a]bsent a waiver, sovereign immunity shields the Federal government and its agencies from suit.").

Because Plaintiff attempts to sue immune Defendants, his claims are futile. The Court finds that Plaintiff cannot cure these defects through amendment because the actions about which he complains are judicial in nature. *See Cato*, 70 F.3d at 1106 ("[a] pro se litigant must be given

leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). So, the Court recommends dismissing Plaintiff's complaint with prejudice and without leave to amend.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.** Plaintiff shall not be required to pre-pay the filing fee.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend his complaint (ECF No. 3) is **denied as moot.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's amended complaint (ECF No. 3-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send a copy of this order and report and recommendation to Plaintiff.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's amended complaint (ECF No. 3-1) be dismissed with prejudice and without leave to amend.

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues could waive the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir.

1991); *see Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: September 5, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE