UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Hezekiah E. Baker,

        Plaintiff

v.

United States District Court, District of Nevada, et al.,

        Defendants

Case No.: 2:25-cv-01037-CDS-DJA

**Order Affirming the Magistrate Judge's Order and Adopting the Report and Recommendation**

[ECF Nos. 5, 7]

      Plaintiff Hezekiah E. Baker brings this lawsuit against the United States District Court for the District of Nevada, Clerk of Court Debra Kempi, and the Honorable Magistrate Judge Elayna J. Youchah. Compl., ECF No. 1-1. Following a review of Baker's amended complaint, United States Magistrate Judge Daniel J. Albregts issued an order with a report and recommendation (R&R) finding that because Baker attempts to sue immune defendants, his claims should be dismissed with prejudice. R&R, ECF No. 5. Baker objects to the findings in Judge Albregts's order and the recommendation of dismissal.[1] Obj., ECF No. 7.

I.    **Legal standard**

      **A.  Appeal of a magistrate judge's order**

      Magistrate judges may hear and determine any pretrial matter pending before the court. 28 U.S.C. § 636(b)(1)(A). Under this district's local rules, a party may appeal a magistrate judge's ruling on a pretrial matter by filing written objections and "[t]he district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order." Local Rule IB 3-1(a);

---

[1] Baker's objection also addresses portions of Judge Albregts's order on the pretrial motion, not the recommendation, and thus must be appealed. This distinction matters because magistrate judges' orders are subject to a lower standard of review (clearly erroneous standard) than reports and recommendations (de novo review). *Compare* LR IB 3-1(a) *with* LR IB 3-2(b). I thus refer to these objections as "appeals" throughout and apply the clearly erroneous standard of review.

Fed. R. Civ. P. 72(a). A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge (such as the denial of a motion for counsel) "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993). "And '[a]n order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citation omitted). A district court should overturn a magistrate judge's determination under this standard only if it has "a definite and firm conviction that a mistake has been committed" or a relevant statute, law, or rule has been omitted or misapplied. *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).

      **B. Objection to a report and recommendation**

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). "When a specific objection is made to a portion of a magistrate judge's report [and] recommendation, the court subjects that portion . . . to a de novo review." *Kenniston v. McDonald*, 2019 WL 2579965, at *7 (S.D. Cal. June 24, 2019) (quoting Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C) (cleaned up)). "To be 'specific,' the objection must, with particularity, identify the portions of the proposed findings, recommendations, or report to which it has an objection and the basis for the objection." *Id.* (citing *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)).

## II. Discussion

Baker filed his complaint initiating this action on June 12, 2025. Compl., ECF No. 1-1. Because Baker applied to proceed *in forma pauperis*, his complaint was subject to screening under 28 U.S.C. § 1915(e)(2). Just over a month after filing the complaint, but prior to Judge Albregts screening it, Baker moved for leave to amend. Mot., ECF No. 3. In his order, Judge Albregts reasoned that because the complaint was not yet served, and because there is no responsive pleading filed, under Federal Rule of Civil Procedure 15(a)(1)—which permits a plaintiff to file an amended complaint once as a matter of course—Baker did not need to seek leave to amend. ECF No. 5 at 1–2. Judge Albregts therefore denied the motion as moot, deemed Baker's amended complaint operative, and screened it accordingly. *See generally id.*

Baker appeals, arguing that it is common practice to allow an indigent plaintiff an opportunity to fix a flawed pleading. Obj., ECF No. 7 at 7. He further asserts that after denying the motion to amend, Judge Albregts was without authority to screen his amended complaint. *Id.* It appears that Baker misunderstands the meaning and effect of moot. A motion is deemed moot when there is no longer a live controversy or if the question has been resolved and has therefore passed the point of being a live controversy. *Moot, Black's Law Dictionary* (12th ed. 2024). Judge Albregts determined that Baker was not required to seek leave to amend his complaint because he was entitled to amend once without permission. Because Baker did not need leave to amend, the question of whether he could—or could not—became moot. A finding of mootness does not divest the magistrate judge of jurisdiction to screen an amended complaint. I therefore find that the magistrate judge's order on this issue is not clearly erroneous nor contrary to law as he did not misapply the rules of procedure here. Baker's appeal is therefore denied.

Next, Baker objects to the magistrate judge's statement that "Plaintiff apparently believed that the *Transdev* case was a private matter." ECF No. 7 at 7. However, Baker's contention that, under 28 U.S.C. § 1915, the proceedings in *Baker v. Transdev United States* are private is also misguided. Nothing in the statute suggests that "defendants and defense

attorneys are not allowed to participate" in proceedings. ECF No. 7 at 8. Much less that they are not entitled to a copy of a complaint, as Baker submits here. *Id.* Specifically, Baker argues that Judge Youchah provided Transdev's counsel with a copy of her minute order granting his motion to stay. ECF No. 7 at 8. A de novo review of the publicly available docket reveals that Judge Youchah had also ordered that "if counsel for Defendant has appeared, Defendant must file a status report regarding this matter no later than March 21, 2025." ECF No. 8 in *Baker v. Transdev United States*, 2:24-cv-02411-GMN-EJY. Therefore, Transdev was entitled to notice and cannot logically be required to comply without having received actual notice. Baker has not demonstrated any error in Judge Albregts's report, so his objection is overruled.

Baker also objects to Judge Albregts's finding that judicial immunity bars his claims against the defendants in their official capacity. ECF No. 7 at 9 (citing ECF No. 5 at 4). The magistrate judge reasoned that Baker's claims fail because judges are entitled to absolute judicial immunity for acts performed in their official capacity, and that court clerks have absolute quasi-judicial immunity for tasks they perform that are an integral part of the judicial process. ECF No. 5 at 4 (citing *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002); *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987)). Baker suggests that the acts and actions by the defendants were administrative, and so he contends that immunity does not cover administrative matters because they are different than judicial acts. ECF No. 7 at 9–11. This argument is unavailing.

As far as the court can discern, Baker's allegations surround filings and docket entries in his case *Baker v. Transdev United States*, Case No. 2:24-cv-02411-GMN-EJY. In this case's complaint, Baker alleges that Judge Youchah and Debra Kempi provided defense counsel: a summons (ECF No. 1-1 at 3, ¶ 1), a copy of Judge Youchah's order (*id.* at ¶ 2), access to his financial report and personal information (*id.* at 4, ¶ 4), and a minute order denying Baker's motion for a hearing (*id.* at 5, ¶ 6). However, most of these acts are related to the issuance of orders (in particular, those issued on February 28, 2025, May 13, 2025, and May 19, 2025). In *Stump v. Sparkman*, the Supreme

4

Court established a test for determining when a judge is protected by absolute immunity. 435 U.S. 349 (1978). The two factors to consider in determining whether a particular act is a "judicial" one are: (1) "the nature of the act itself, i.e., whether it is a function normally performed by a judge," and (2) "the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.* There is no doubt that these factors are met here. The act of issuing orders is a judicial act, not an administrative or ministerial act, and is therefore protected. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (noting that "[r]uling on a motion is a normal judicial function"). Additionally, neither Baker's complaint nor his objection make any allegations that the defendants acted outside of their role as a judge or court clerk. So I find that Judge Youchah and Debra Kempi are entitled to immunity.

Baker also claims that the defendants "initiated ex parte communications with a[n] individual or individuals that [have] nothing to [do] with this private 28 U.S.C. [§] 1915 proceeding." *Id.* at 5, ¶ 7. The federal judiciary's Public Access to Court Electronic Records system, commonly known as "PACER," is a "court-generated database that provides public access to court electronic records." *Moore v. Saniefar*, 2016 WL 2764768, at *2 n.2 (E.D. Cal. May 12, 2016). A review of the docket in *Baker v. Transdev United States* reveals that the matter is not under seal, nor are any of its filings.[2] Therefore, any document not under seal—and Baker's application to proceed *in forma pauperis* is not sealed—is publicly available to anyone with a PACER account.

After reviewing the record, the magistrate judge's order and recommendation, and Baker's objections, I find that Judge Albregts has not committed a mistake or misapplied the law. I therefore agree that Baker's claims must be dismissed with prejudice on immunity grounds. As the defendants are clearly immune from suit for their alleged acts, amendment would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (dismissal with leave to

---

[2] A court may take judicial notice of information from the PACER system. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of filings from other federal court proceedings as matters of public record).

amend is appropriate "unless [the court] determines that the pleading could not possible be cured by the allegation of other facts"). Because I find no merit to Baker's objection, and I find that there is no clear error on the face of the record, I accept the magistrate judge's recommendation in its entirety.

### III.   Conclusion

IT IS HEREBY ORDERED that Baker's appeal **[ECF No. 7] is denied** and his objection **[ECF No. 7] is overruled**.

IT IS FURTHER ORDERED that the magistrate judge's order and report and recommendation **[ECF No. 5] are affirmed and accepted** in their entirety, therefore this matter is dismissed with prejudice.

The Clerk of Court is kindly instructed to enter judgment accordingly, and to close this case.

Dated: September 25, 2025

_____
Cristina D. Silva
United States District Judge